United States District Court
Middle District of Florida
Jacksonville Division

**MARY KATHERINE DAY-PETRANO & DAVID FRANK PETRANO,**

***Plaintiffs,***

**v.** **NO. 3:26-cv-519-JEP-PDB**

**JOHN MILLER ET AL.,**

***Defendants.***

---

## Order

This order addresses a pending motion, prosecution of the action, and required disclosure statements.

### 1.

The court denied the plaintiffs' motion for leave to file a third-amended complaint because the motion violated Local Rules 1.08 and 3.01(g), and the proposed third-amended complaint violated Rule 8, Federal Rules of Civil Procedure. Doc. 52 at 5. The court provided this explanation:

> [T]he proposed third-amended complaint is not "short and plain" as the pleading rule envisions, *see* Fed. R. Civ. P. 8(a)(1) (quoted). Rather, the proposed third-amended complaint is long and cumbersome, comprising 22 claims for relief, 103 pages, 309 paragraphs, and 20 additional pages of exhibits, *see* Docs. 42-1, 42-2. Detracting from shortness and plainness are (1) unnecessarily repeated allegations and (2) legal arguments and citations to authorities, both of which are suited for a response to a motion to dismiss, not to a pleading.

Doc. 52 at 5.

Rather than try to comply with the law, the plaintiffs move for reconsideration of the order and other relief. Doc. 53.

The motion, Doc. 53, is **denied** because the motion violates Local Rule 1.08. As previously explained, *see* Doc. 52 § 9, Local Rule 1.08 establishes typography requirements, including specific typefaces, bottom-center page numbering (but no numbering necessary on page one), and generally, a 13-point font (or a 14-point font in the Times New Roman typeface). If the plaintiffs are unable to comply with the typography requirements, they may move to suspend the rule.

Moreover, the plaintiffs fail to show entitlement to the relief they request.

The Supreme Court has repeatedly emphasized the importance of rules and complying with them. *See, e.g., Missouri v. Jenkins*, 495 U.S. 33, 50 (1990) ("Regular adherence to published rules of procedure best promotes the principles of fairness, stability, and uniformity that those rules are designed to advance."); *Green v. Elbert*, 137 U.S. 615, 621 (1891) ("To the proper conduct of the business of this court rules are necessary, and, having been prescribed, reasonable compliance with them is expected, and must be insisted upon."); *see also Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) ("The right of access to the courts is neither absolute nor unconditional. Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons." (internal citation, quotation marks, and quoted authority omitted)).

All parties must comply with the rules, even if the party is proceeding without a lawyer. *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025);

*see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of [unrepresented] litigants, we nevertheless have required them to conform to procedural rules." (internal quotation marks and quoted authority omitted)).

Title II of the Americans with Disabilities Act of 1990 (ADA)'s prohibition against discrimination applies only to a "public entity," which is defined as "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *See* 42 U.S.C. §§ 12131–12132. The Rehabilitation Act of 1973 applies only to "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. Thus, neither Title II of the ADA nor the Rehabilitation Act applies to federal district courts, and the plaintiffs appear to concede as much. *See* Doc. 53 at 3.

Only one of the plaintiffs asserts that she has autism. Doc. 53 at 1. Nevertheless, both plaintiffs request the application of an "autism impacts presentation standard," asserting that "[t]his [d]istrict has established as binding authority that autism impacts the presentation of allegations and arguments—not their merit," Doc. 53 at 1, 3. They rely on an order in their bankruptcy appeal in which the court stated, "The Petranos are proceeding *pro se* in the bankruptcy court and in this appeal, and Ms. Day-Petrano is autistic. Both factors have likely impacted the presentation of their allegations and arguments." Doc. 13 at 8 in *Petrano v. Hall*, No. 8:21-cv-2736-TPB (M.D. Fla.).

The court went on to explain the liberal construction standard as applicable to the plaintiffs:

> *Pro se* pleadings are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). At the same time, *pro se* parties must conform with procedural rules and with court orders, and the Court does not have "license to serve as *de facto* counsel" on behalf of *pro se* litigants. *See United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019); *see also Plate v. Pinellas Cty.*, No. 8:18-cv-2534-T-36CPT, 2020 WL 1332148, at *2 (M.D. Fla. Mar. 23, 2020); *In re Vega*, 503 B.R. 144, 147 n.11 (Bankr. M.D. Fla. 2013). And it should be noted that Mr. Petrano is a former lawyer and would be expected to have a greater understanding of these matters than a typical pro se party.

Doc. 13 at 8–9 in *Petrano v. Hall*, No. 8:21-cv-2736-TPB (M.D. Fla.). An observation that autism likely impacted the presentation of allegations and arguments does not establish a legal standard and, in any event, is nonbinding on this court.

The plaintiffs request the application of "the Communications Act for Disabled Persons," Doc. 53 at 1, and also cite "[t]he Federal Courts Communications Disability Act for Disabled Persons," Doc. 53 at 2. Neither act appears to exist.

Relying on *Kilgo v. Bowman Transportation Inc.*, 789 F.2d 859 (11th Cir. 1986), the plaintiffs assert that "exceptional circumstances justify pro bono appointment." Doc. 53 at 6. *Kilgo* makes no mention of the appointment of pro bono counsel or any exceptional circumstance that would justify the appointment of pro bono counsel. *See* 789 F.2d 859.

Rule 11(b), Federal Rules of Civil Procedure, governs representations to the court:

> By presenting to the court a pleading, … an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). A party who violates Rule 11(b) is subject to sanctions. *See* Fed. R. Civ. P. 11(c).

The plaintiffs are warned that reliance on artificial intelligence to prepare court papers, *see* Doc. 53 at 2, may result in unreliable filings. **Filing papers with the court that misrepresent a case's holding can subject the filer to Rule 11 sanctions, including dismissal or monetary fines.**

**2.**

The plaintiffs filed the original complaint on March 11, 2026. Doc. 1. According to a process server, on April 24, 2026, the plaintiffs served process on Bradford County, Florida; Dawn Mueller; and Bradford County Animal Control. Doc. 23 at 1, 9, 11. The record contains no proof of service or waiver of

service of process for The Florida Bar, the Florida Supreme Court, the State of Florida, or Jennifer Frank.

A plaintiff must complete service of process within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). "Within twenty-one days after service of a summons and complaint or receipt of a waiver, a party must file proof of service or the waiver." Local Rule 1.10(a).

"Within twenty-eight days after a party's failure to plead or otherwise defend, a party entitled to a default must apply for the default." Local Rule 1.10(b). Failure to comply with this deadline can result in dismissal of the action without notice and without prejudice. Local Rule 1.10(d).

"A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Local Rule 3.10.

By **October 9, 2026**, the plaintiffs must show cause why the claim or claims against these seven defendants should not be dismissed without prejudice for failure to prosecute: (1) Bradford County, Florida; (2) Dawn Mueller; (3) Bradford County Animal Control; (4) The Florida Bar; (5) the Florida Supreme Court; (6) the State of Florida; and (7) Jennifer Frank.

**3.**

The request for an expedited ruling on the motion to preserve DNA, Doc. 53, at 7, *see* Doc. 45, is **denied as moot**. The court ruled on the motion. Doc. 48.

**4.**

Considering the plaintiffs' response to the order to show cause, Doc. 56, and the filing of a disclosure statement, Doc. 57, albeit unsigned, the court **discharges** the order to show cause, Doc. 36.

Under Rule 11(a), Federal Rules of Civil Procedure, "Every pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number … The court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention."

The court **strikes** the plaintiffs' disclosure statement, Doc. 57, because the statement is unsigned and omits the information required by Rule 11(a). By **October 9, 2026**, the plaintiffs must file a signed disclosure statement using the form required by Local Rule 3.03. The required form is in the "forms" section of the court's website, www.flmd.uscourts.gov/forms/all.

By **October 9, 2026**, Sheriff George Smith and Sergeant Glenn Ward must each file a disclosure statement.

**Ordered** in Jacksonville, Florida, on September 24, 2026.

Patricia D. Barksdale

Patricia D. Barksdale
*United States Magistrate Judge*

c: Mary Katherine Day-Petrano
2501 SE 143rd Way
Starke, FL 32091

David Frank Petrano
2501 SE 143rd Way
Starke, FL 32091